IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carole Holloman, | ) | C/A No. 3:14-1136-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Carole Holloman, filed a Complaint in the Court of Common Pleas in Kershaw County asserting claims for breach of contract against her former employer, the South Carolina Department of Mental Health ("the Department"). The Department removed the case to federal district court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(3), asserting jurisdiction based upon 28 U.S.C. §§ 1331 and 1343. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to remand this matter to state court. (ECF No. 6.) Holloman filed a response in opposition (ECF No. 9), and the defendant replied. Having reviewed the parties' submissions and the applicable law, the court concludes that Holloman's motion should be denied.

## BACKGROUND

Holloman worked as a psychiatric nurse for the Department from 1984 until 2013. In the fall of 2012, Holloman filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). During the administrative

process, Holloman and the Department resolved the administrative charge through a mediation conducted by the South Carolina Human Affairs Commission ("SCHAC"), the deferral agency in South Carolina for the EEOC. The parties entered into a mediation agreement in which Holloman agreed to withdraw her administrative charge, and the Department agreed not to discriminate against Holloman or retaliate against her for filing the charge. Holloman brings this action asserting that the Department has violated the mediation agreement.

## DISCUSSION

**A.     Motion to Remand Standard**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The



plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law.  Id.

**B.     Holloman's Claims**

Holloman's Complaint raises breach of contract claims based on the mediation agreement, which generally would implicate only state law causes of action not triggering federal jurisdiction. However, case law suggests that when a mediation agreement is accomplished as part of or during the administrative process with the EEOC, federal jurisdiction attaches to enforce the agreement. See E.E.O.C. v. Henry Beck Co., 729 F.2d 301, 305 (4th Cir. 1984) ("We hold that where an employer allegedly breaches a pre-determination settlement agreement after voluntarily entering into it, and the Commission seeks enforcement of that agreement only, without attempting to litigate the underlying unfair employment practice charge, the suit is brought directly under Title VII, and the United States District Courts have jurisdiction . . . ."); Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1510 (11th Cir. 1985) (finding that a lawsuit to enforce an agreement between an employer and an employee settling a Title VII claim is "brought under" Title VII even though the employee, rather than the EEOC, is the plaintiff); see also Morigney v. Engineered Custom Plastics Corp., 820 F. Supp. 987 (D.S.C. 1993) (Herlong, J.) (relying on Henry Beck in concluding that a case alleging breach of contract based on violation of a settlement agreement between an employer and employee resolving a charge of race discrimination was "brought under" Title VII and therefore properly removed to federal court).  This is because courts have found that enforcement of such agreements by federal courts is essential to further the congressional intent under Title VII of resolving disputes through conciliation and voluntary compliance.  See Henry Beck, 729 F.2d at 306 (finding that federal jurisdiction over pre-determination mediation agreements is essential to



preserving the EEOC's function as an efficient conciliator, which is a function that is central to Title VII's statutory scheme); Eatmon, 769 F.2d at 1510-1513 (discussing the congressional goals of conciliation and voluntary compliance behind Title VII).

In support of its motion to remand, Holloman relies on an unpublished decision by the Fourth Circuit. In Atkinson v. Sellers, 233 F. App'x 268 (4th Cir. 2007), the court dismissed a case for lack of subject matter jurisdiction because the plaintiff raised only a state law breach of contract claim based on a settlement agreement between the employer and employee/plaintiff in that case. Atkinson, 233 F. App'x at 272. The court concludes, however, that the Fourth Circuit's precedential decision in Henry Beck, rather than Atkinson, controls here. Notably, the plaintiff in Atkinson never invoked the administrative remedies provided by Title VII; rather, he entered into a private settlement agreement with the employer without involving the EEOC. In fact, although the Atkinson Court did not discuss Henry Beck, it cited a Tenth Circuit case that distinguished Henry Beck on the ground that any congressional intent to include enforcement of conciliation agreements or pre-determination agreements negotiated by the EEOC was not implicated by a purely private agreement. Atkinson, 233 F. App'x at 273 (citing Morris v. City of Hobart, 39 F.3d 1105, 1112 n.4 (10th Cir. 1994)). By contrast, here Holloman commenced the administrative process and settled her charges of discrimination under the mantle of a mediation conducted by an authorized EEOC deferral agency. The court concludes, therefore, that her action is "brought under" Title VII. Accord Morginey, 820 F. Supp. at 989 ("[T]he court finds that this action is "brought under" Title VII, and the court has subject matter jurisdiction over the claim for breach of the settlement agreement pursuant to 42 U.S.C. § 2000e-5(f)(3).").

## RECOMMENDATION

It appearing that the defendant has properly invoked the court's jurisdiction in removing this case, the court recommends that the plaintiff's motion to remand be denied. (ECF No. 6.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).