IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carole Holloman, ) | |
| ) | C/A No. 3:14-1136-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| South Carolina Department of Mental ) | |
| Health, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On February 7, 2014, Plaintiff Carole Holloman ("Plaintiff") brought this action against her employer, Defendant South Carolina Department of Mental Health ("Defendant"), asserting claims of breach of contract and breach of contract with fraudulent intent. ECF No. 1-1. Specifically, Plaintiff claims that Defendant violated a Mediation Agreement, which was a contractual obligation entered into by the parties on May 20, 2013. The Mediation Agreement attempted to resolve Plaintiff's claims of retaliation and race and age discrimination brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq*. Plaintiff now alleges that Defendant violated the Mediation Agreement by continuing to discriminate and retaliate against her in violation of Title VII and the ADEA. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff, who is African-American and over the age of forty, contends that Defendant breached the terms of a May 30, 2013, Mediation Agreement between the two parties. ECF No. 1-1 at 8. The Mediation Agreement stated that there would be "no discrimination or retaliation" against

Plaintiff. ECF No. 9-2 at 3. Plaintiff claims that after the execution of the Mediation Agreement, she was subject to disparate treatment and retaliation on the basis of her race and age in the following ways: (1) Defendant did not select Plaintiff for a promotion; (2) Defendant suspended Plaintiff without pay; and (3) Defendant constructively discharged Plaintiff. ECF No. 1-1 at 5. Plaintiff also appears to assert a hostile work environment claim. *Id.* Defendant filed a motion for summary judgment on April 13, 2015. ECF No. 34. Plaintiff filed a response in opposition on June 1, 2015 (ECF No. 40), to which Defendant filed a reply on June 11, 2015. ECF No. 41. On January 19, 2016, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had failed to make out her claims of breach of contract and breach of contract with fraudulent intent. ECF No. 42. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. *Id.* Plaintiff filed objections to the Report and Recommendation on February 2, 2016 (ECF No. 42), to which Defendant filed a reply on February 22, 2016. ECF No. 44.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

## II. DISCUSSION

A. **Summary Judgment Standard**

A party will prevail on summary judgment if there is "no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). In discrimination cases, a party will be entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

In a Title VII claim of discrimination or retaliation, a plaintiff may prove her case through direct evidence. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015). However, in the absence of direct evidence, a plaintiff may proceed under the *McDonnell Douglas* burden-shifting framework. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973)). Under *McDonnell Douglas*, a plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Id.* Once a plaintiff has done so, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). Finally, if the defendant meets the burden of production, the plaintiff must demonstrate by a preponderance of the evidence that the defendant's proffered reasons "were not its true reasons, but were a pretext for discrimination." *Id.* (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Applying the *McDonnell Douglas* framework to the context of summary judgment, a court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 148-49 (2000).

B.     **Breach of Contract**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish a genuine

dispute of material fact as to her breach of contract claim. ECF No. 43 at 4. To establish a breach of contract claim, a plaintiff must show: (1) the existence of a binding contract; (2) its breach; and (3) damages caused by the breach. *See Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962). The Magistrate Judge held that there could be no breach of contract because Plaintiff failed to establish either disparate treatment or retaliation in violation of the applicable federal statutes.[1] ECF No. 42 at 6. Also, to the extent that Plaintiff asserted a claim of hostile work environment, the Magistrate Judge held that Plaintiff failed to show that such a hostile work environment existed. *Id.* at 19.

1. Disparate Treatment

   a. *Failure to Promote*

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish a prima facie case of failure to promote on the basis of race. ECF No. 43 at 8. A plaintiff bringing a failure to promote claim must demonstrate: (1) she is a member of a protected group; (2) she applied for the position in question; (3) she was qualified for that position; and (4) the defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination. *Wesley v. Arlington Cnty.*, 354 F. App'x 775, 778 (4th Cir. 2009) (quoting *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005)). Only the fourth prong is in dispute. ECF No. 42 at 15. Plaintiff cites her personal qualifications for the job and offers evidence of the her competitor's shortcomings (ECF No. 40 at 23); however, Plaintiff provides no evidence suggesting

---

[1] The Magistrate Judge observed that Plaintiff failed to address Defendant's arguments in regards to Plaintiff's claims brought under the ADEA. ECF No. 42 at 7 n. 3. As such, the court finds that Plaintiff has abandoned her age-based discrimination and retaliation claims.

4

that Defendant denied her the promotion because of her race. Defendant proffers that it hired a more qualified candidate who held a four-year degree and supervisory experiences. ECF No. 34-5 at 12. Plaintiff offers no evidence to demonstrate that Defendant's proffered reason for filling the position with someone other than Plaintiff was pretextual. As the Magistrate Judge properly concluded, Plaintiff presented no evidence giving rise to an inference of race discrimination such that a reasonable jury might rule in Plaintiff's favor. Plaintiff's objection is without merit.

    b.  *Suspension and Constructive Discharge*

  Plaintiff asserts the Magistrate Judge erred in finding that Plaintiff failed establish a prima facie case of suspension and constructive discharge on the basis of race. ECF No. 43 at 5. Plaintiff argues that her suspension and constructive discharge amounted to disparate treatment. *Id.* at 4-5. To make out a prima facie case of disparate treatment, Plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly-situated employees outside the protected class. *See Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). Specifically, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish the second prong of her prima facie case.[2] ECF No. 40 at 5. The court disagrees. Defendant submitted evidence of Plaintiff's deficiencies at work, including an audit of Plaintiff's improper billing practices for a six month period prior to her November 2013 suspension. ECF No. 34-25 at 2. Plaintiff has adduced no evidence to refute the deficiencies reflected in the audit. Furthermore,

---

[2] The Report and Recommendation orders "satisfactory job performance" under the third prong rather than the second of *Coleman*, 626 F.3d at 190.

Plaintiff has offered no evidence to demonstrate that Defendant's proffered reason for suspension is pretextual. Therefore, the Magistrate Judge properly concluded that Plaintiff cannot make out a prima facie case of disparate treatment as she failed to demonstrate a fulfillment of Defendant's legitimate expectations at the time of her suspension. ECF No. 42 at 11. Plaintiff's objection is without merit.[3]

    2.    <u>Retaliation</u>

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to make a prima facie showing that Defendant's actions were retaliatory. ECF No. 43 at 11. To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) there was a causal link between the two events. *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008). Only the third prong is in contention. To prove a causal connection, a plaintiff must show that her employer took an adverse action "*because* the plaintiff engaged in a protected activity." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (emphasis in original) (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir.1998)).

Plaintiff argues that Defendant engaged in the following retaliatory actions: failing to promote Plaintiff; requiring Plaintiff to submit doctor's notes for sick leave; suspending Plaintiff; and constructively discharging Plaintiff. ECF No. 43 at 11-12. Defendant contends that while it did take adverse actions against Plaintiff, there is no causal link between the adverse action and

---

[3] Plaintiff launches a second objection to the Magistrate Judge's discussion of suspension and constructive discharge: she disputes the Magistrate Judge's finding that Plaintiff failed to establish that there was an adverse employment action. ECF No. 43 at 5. While there is some discussion of whether Plaintiff left the employment voluntarily or involuntarily, the Magistrate Judge reaches her conclusion without deciding this question. ECF No. 42 at 11.

6

Plaintiff's protected activity. ECF No. 34-1 at 27-28. The Magistrate Judge agreed with Defendant and found that Plaintiff offered no evidence from which a reasonable jury could find a causal connection between the alleged adverse actions and Plaintiff's protected activities. ECF No. 42 at 22. The court agrees with the Magistrate Judge and finds Plaintiff's objection is without merit.

### 3. Hostile Work Environment

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish a genuine dispute of material fact as to a hostile work environment claim. To establish a hostile work environment, a plaintiff must show: (1) she experienced unwelcome harassment; (2) the harassment was based on her race, color, religion, national origin, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Baqir v. Principi*, 434 F.3d 733, 745-46 (4th Cir. 2006). In determining what constitutes "severe and pervasive" conduct, courts must look at all the circumstances, including frequency of the discriminatory conduct and its severity; whether it is physically threatening or humiliating or merely constitutes offensive utterance; and whether it unreasonably interferes with an employee's work performance. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Plaintiff points to instances where Defendant purportedly harassed Plaintiff via email, questioned her use of leave time, insisted that Plaintiff submit doctor's excuses for sick leave time, and assigned additional patients to Plaintiff's care. ECF No. 40 at 4-6. Defendant argues that these instances do not rise to the level of "severe or pervasive." ECF No. 34-1 at 19. In looking at the frequency and severity of the instances cited by Plaintiff, the Magistrate Judge agreed with Defendant. ECF No. 42 at 17-18. While Plaintiff may have subjectively perceived these instances

7

as constituting a hostile work environment, the Magistrate Judge properly concluded that no reasonable jury could find that Defendant's conduct rose to the level of severe and pervasive. *Id.* Plaintiff's objection is without merit.

The court holds that there is no genuine dispute of material fact as to Plaintiff's claims of disparate treatment, retaliation, and hostile work environment. Therefore, the court holds that there was no breach of contract.

C.      **Breach of Contract With Fraudulent Intent**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish a dispute of material fact as to Plaintiff's breach of contract with fraudulent intent claim. ECF No. 43 at 12. To prevail on a breach of contract with fraudulent intent claim, there must first be a breach of contract. *Edens v. Goodyear Tire & Rubber Co.*, 858 F.2d 198, 202 (4th Cir. 1988) (reviewing the South Carolina standard for establishing breach of contract accompanied by fraudulent act and recovering punitive damages). Given that the Magistrate Judge found a lack of evidence from which a reasonable jury could find discrimination or retaliation in breach of the Mediation Agreement, the Magistrate Judge properly concluded that there could be no breach of contract. Plaintiff's objection is without merit.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion for summary judgment (ECF No. 34) is **granted**.

**IT IS SO ORDERED.**

       s/ Margaret B. Seymour
       Margaret B. Seymour
       Senior United States District Judge

Columbia, South Carolina

March 23, 2016